

MAK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19   1340

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _7901 State Road, Philadelphia, PA 19136_

Address of Defendant: _____

Place of Accident, Incident or Transaction: _Philadelphia_

THIS CASE IS RELATED TO: _18-5114_

Date Terminated: _1/4/19_

CIVIL ACTION NO. _19-1340_
CRIMINAL NO.

ASSIGNED TO: _Judge Kearney_

| | Yes | No |
|---|---|---|
| e year | ☐ | ☐ |
| or suit | ☐ | ☐ |
| er | ☐ | ☐ |
| ights | ☐ | ☐ |

pending or within one year previously terminated action in

DATE: _03/29/2019_     _Dan McConl_
                        *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights   555
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
        *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____
                          *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Talbert | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. **19   1340** |
| Carney, et. al. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases. ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   555 (☒)

---

**MAR 29 2019**         _Dan McCarthy_
**Date**                **Deputy Clerk**                **Attorney for**

**Telephone**           **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02

MAK

Charles Talbert
PPN: 810247
7901 State Road
Phila. Pa. 19136                                   March 6, 2019

United States District Court
Eastern District of Pennsylvania

Charles Talbert            .    Civil Action
        vs.                .    No.    19    1340
Blanche Carney             .
John Delaney               .
S. Ford                    .    Complaint

1. Plaintiff, at all times material hereto, was a pretrial detainee, at the Curran Fromhold Correctional Facility (CFCF), in Philadelphia, Pa.

2. Blanche Carney (Carney), is the Prison Commissioner of CFCF.

3. John Delaney (Delaney), is the Warden of CFCF.

4. S. Ford (Ford), is a Correctional Officer at CFCF.

5. Defendants, are sued individually, and in their official capacity.

6. On or about February 20, 2019, Plaintiff, was assigned to housing unit, C2 pod 3, at CFCF.

7. Between February 20, 2019, and February 27, 2019, Defendant, Ford, became oppressive towards Plaintiff, by informing several other inmates, that Plaintiff was a "snitch", because of all of the lawsuits that Plaintiff had filed against the Philadelphia Department of Prisons (PDP).

8. By Ford informing other inmates that Plaintiff was a snitch, placed Plaintiff at a foreseeable risk of being assaulted.

9. On February 27, 2019, inmate Zhyaire Knox-PPN 1176167, was let out of the disciplinary housing unit (A1 pod 2), and sent to

Plaintiffs housing unit on C2 pod 3.

10. On same date, inmate Knox informed Plaintiff that Ford called him a snitch and wanted him hurt bad.

11. On same date, inmate Knox was speaking with Ford, while they both began to look at Plaintiff with rancor, as he was using the telephone, speaking with his attorney about what inmate Knox had informed him of.

12. When Plaintiff had taken his focus off of Ford and Knox, Knox had "sucker-punched" Plaintiff, causing him to fall to the ground unconscious.

13. Plaintiff, was thereafter sent to Jefferson Health Torresdale Hospital, due to a closed head injury, and other medical maladies.

14. When Plaintiff returned to CFCF, he was admitted into Protective Custody, on housing unit D1 pod 4.

15. Ford, intentionally, and maliciously, caused Plaintiff to be assaulted, after learning of Plaintiff exercising his First Amendment right to seek redress of his grievances that were filed against the PDP prison staff and administration.

16. Ford's, aforementioned retaliation, caused Plaintiff to become injured, physically, and mentally, by having a swollen jaw and face for two weeks; the inability to eat certain food; migraine headaches; as well as sleepless nights and post traumatic stress due to flashbacks.

17. Defendants, Carney, and ▓▓▓▓▓ Delaney, have knowing, and carelessly, caused multiple inmates to be assaulted, either by fist, and/or knife, while using the phone, by them:

(A) failing to adequately train their subordinates to watch after inmates while using the housing unit phones; and
(B) failing to put "safety cages" around each phone, as inmates on segregated housing units have.

18. Defendants are aware that over 100 inmates have been assaulted while on the phone, while Defendants were the Warden and Commissioner; yet, carelessly failed to abate any further injuries from occurring, due to Delaney and Carney failing to provide the above mentioned measures of training and phone barriers.

19. Additionally, Delaney, and Carney, have gravely failed to train, supervise, and/or, discipline its staff, in regards to the interactions between Plaintiff and PDP employees, to which, the lack thereof, caused PDP staff, (more specifically, Ford), to oppress Plaintiff and cause him injury.

20. Carney, and Delaney, have full knowledge of the lawsuits in which Plaintiff has ever filed against the PDP; as well as the history of all retaliation to which PDP staff had exercised against Plaintiff in response thereof; yet, has failed to implement either a policy and/or practice of "non-retaliatory conduct"; being the sole reason why PDP staff, specifically Ford, believed that they could do anything within their authority and beyond, to cause Plaintiff to suffer for exercising his right to seek redress.

21. Through administrative policy and/or practice, Carney and Delaney were aware of inmate Knox having assaultive behavior towards inmates that are alleged "snitches"; and knew that Plaintiff had a notoriety for being labeled a

"prison-snitch"; yet, failed to keep Plaintiff safe by housing inmates of Knox's kind with Plaintiff, causing a foreseeable risk of harm to Plaintiffs well-being.

22. Delaney, and Carney, failed to discipline Ford for her above mentioned misconduct; yet, however, demonstrates a clear approval by their acquiescence.

23. Delaney, and Carney's above mentioned omissions, demonstrates a great possibility that they may have even orchestrated Plaintiffs assault through "chain-of-command".

24. Being as though Plaintiff had lawsuits filed against Carney, (as well as Delaney in the past), Carney and Delaney had a legal duty to send Plaintiff to either Bucks, or Montgomery County Jail, as other inmates similarly situated, that had open civil matters against the PDP, while awaiting trial, due to foreseeable retaliation.

25. However, Carney and Delaney, failed to provide equal protection to Plaintiff, as others aforementioned.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of:

(A) compensatory: $250,000.00
(B) punitive: $250,000.00
(C) costs and fees, if any
(D) such other relief deemed appropriate.

I hereby verify that the foregoing is true and correct under penalty of perjury.

3/6/19                                      *Charles Talbert*



Jefferson Health — Torresdale Campus
Red Lion and Knights Roads
Philadelphia, PA 19114
215-612-4000

## Discharge Instructions

Patient: TALBERT, CHARLES
01313989/1905841762

DOB: 3/27/1981
Date Printed: 2/27/2019 4:56:48 PM

Allergies: Motrin Childrens    Tylenol

We are pleased to have been able to provide you with Emergency Care here at Jefferson Health Northeast. Please review these instructions again at home in detail as described to you in order to better understand your diagnosis and the necessary further treatment and precautions related to your condition.

This is the team who cared for you during your emergency room visit:

ED Attending Physician:    Katz MD, Tamar

You are being discharged today with diagnosis(s):

Discharge Diagnosis:    Closed head injury

Follow Up Appointments:

Follow Up with: your Primary Care Doctor in 1 week(s)

No one deserves to be abused. If you need help, Please call 1-800-220-8116

If you need a family doctor or specialist in your neighborhood, call 1-(877)-808-2742

Activity Restrictions:    No activity restrictions

General Instructions:

Take your discharge instructions and all of your medicines to your follow up appointment.
Please take all of your medicine as instructed.
Please return to the Emergency Department if you have any further concerns or problems.
Please call your regular Doctor or return to the Emergency Department if the symptoms worsen or persist.

Procedures performed during your emergency visit:

No procedures performed

Immunization provided during your emergency visit:

No immunizations provided

Medications received during your emergency visit:

acetaminophen Tablet

## Medication List

Please continue to take these medications as prescribed and follow up with your Family Doctor. If you do not have a Physician please get a Primary Care Physician ASAP.

Benadryl 25 mg oral tablet  2 orally once a day (at bedtime)

Naprosyn 375 mg oral tablet  1 tab(s) orally 2 times a day, As Needed - as needed for pain

Paxil 20 mg oral tablet  1 tab(s) orally once a day (at bedtime)

Requested By:  Tomchick, Jodi (RN)
02/27/19  16:56

Printed From : POD3

Page 1

Intentional Assault Ordered By S. Ford

Attachment 3.F.10.a

## PHILADELPHIA DEPARTMENT OF PRISONS
### INMATE GRIEVANCE FORM

☐ ASD   ☒ CFCF   ☐ DC   ☐ HOC   ☐ PICC   ☐ RCF

NAME: Charles Talbert
HOUSING UNIT: D14
PID: 810247
INTAKE NUMBER: 1900549

Check box only if grievance is regarding Medical Services ☐

**Description of Grievance, Incident or Problem**
(Include date and time of incident)

On February 27, 2019, Appx 11 AM c/o S. Ford had told inmate Zhyree Knox-PPN: 1176167, to assault me, due to my lawsuits against the prison. Inmate Knox informed me of this when he had first came to housing unit C2 pod 3, where we were cellmates for a brief three minutes.

While I was on the phone telling this to my lawyer, inmate Knox was talking to S. Ford and then snuck over to me and hit me from my blind side.

I was forced into protective custody after leaving the hospital for a closed head injury.

S. Ford then made fraudulent representations stating that we were both fighting, where I was written up with a misconduct report. Video shows me on the phone without any communication with Knox. Found not guilty at hearing on false report.

**Action Requested by Inmate:**
I'm filing suit and charges on both Knox and Ford

See: Continuation of Grievance – Page 2   YES ☐   No ☒

Describe how and when you tried to resolve this Grievance informally.
I tried to be sent to an out-of-PDP jurisdiction prison to await trial.

Date that you are depositing this Grievance in a grievance box: to Lt. Hilty

Signature of Grievant: [signature]   Date: 2/5/19

86-570 (Rev. 6/16)   1. Deputy Warden for Administration   2. Warden   3. Inmate's Receipt of Filing