# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-1340 |
| | : | |
| BLANCHE CARNEY, *et al.*, | : | |
| Defendants. | : | |

| CHARLES TALBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-1341 |
| | : | |
| SERGEANT JOHNSON, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 5, 2019**

　　Charles Talbert, now returned to his familiar environs in the Philadelphia prison system, has again filed *pro se* civil rights cases against state actors. He has filed dozens of these cases since 2012 challenging state actors without paying the filing fees based on his pauper status. Sometimes he obtains a settlement. The rest of the time we either dismiss his cases as frivolous or because he fails to file the necessary forms. He now moves to proceed *in forma pauperis* in his first two 2019 cases challenging state actors.[1] He sues prison officers for causing another inmate to assault him in No. 19-1340 requiring placement in protective custody. He sues a police officer for conduct during an arrest in No. 19-1341. As he fails to plead imminent danger in either case, and as we already dismissed four of his *in forma pauperis* cases as frivolous, we deny his present

motions for pauper status under 28 U.S.C. § 1915(g). He must pay the filing fees to proceed with these two new cases or plead imminent danger of serious physical injury to proceed.

I. **Alleged facts**

Mr. Talbert is a serial *pro se* prisoner litigant.

In No. 19-1340, he alleges inmate Zhyare Knox, to whom a corrections officer at the Curran Fromhold Correctional Facility had identified Mr. Talbert as a snitch, punched Mr. Talbert causing a head injury.[2] He alleges the corrections officer identified Mr. Talbert as a snitch to retaliate for Mr. Talbert's history of filing lawsuits.[3] He sued the corrections officer, Warden and the Prison Commissioner, alleging, *inter alia*, these supervisory officials failed to properly train prison employees.[4] He alleges he is presently housed in protective custody and thus not subject to imminent harm from other inmates or state actors.

In No. 19-1341, Mr. Talbert alleges a police sergeant used excessive force while arresting him.[5] He alleges no threat of physical harm in this case.

II. **Analysis**

Under 28 U.S.C. § 1915, indigent litigants may sue in federal court without prepayment of filing fees, ensuring such persons are not prevented "from pursuing meaningful litigation" because of their indigence.[6] But there are limits. As Congress recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse.[7] In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s,[8] and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts."[9]

2

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.[10] Among other things, the PLRA implemented the so-called "three strikes rule":

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."[11]

Under the PLRA, a prisoner with three prior "strikes" can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury. "Imminent dangers are those dangers which are about to occur at any moment or are impending."[12] A prisoner alleging he faced imminent danger sometime in the past is therefore "an insufficient basis to allow him to proceed in forma pauperis."[13] Practices which "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment."[14] Finally, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury."[15] When considering whether imminent danger of serious physical injury has been alleged, we may reject "vague" or "conclusory" allegations as insufficient to justify the privilege of *in forma pauperis* status.[16] We must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant."[17]

In *Byrd v. Shannon*, 715 F.3d 117 (3d Cir. 2013), our Court of Appeals held:

> a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a

3

claim" or (2) dismissed pursuant to a statutory provision or rule that is limited
solely to dismissals for such reasons, including (but not necessarily limited to)
28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6)
of the Federal Rules of Civil Procedure.

*Id.*, 715 F.3d at 126. Lawsuits dismissed as frivolous before the enactment of the PLRA count as "strikes" under § 1915(g).[18]

Mr. Talbert has filed at least fifty-four lawsuits as a *pro se* litigant in this District since 2012. Several of his cases have proceeded beyond the pleadings stage. Several have been the subject of settlements with defendants but this Court has dismissed at least four of Mr. Talbert's civil actions as frivolous, malicious, or for failing to state a plausible claim for relief.[19] Judges dismissed numerous other cases for failure to prosecute because Mr. Talbert did not properly complete an application to proceed *in forma pauperis* or pay the filing fee, failed to submit his prison account statement to document his entitlement to proceed *in forma pauperis*, or failed to comply with an Order directing him to file an amended complaint to cure a pleading defect.[20]

The dismissals in the four strike-eligible civil actions count as strikes against Mr. Talbert. Mr. Talbert filed each of these cases while incarcerated. This Court dismissed each in its entirety under Section 1915(g). Mr. Talbert may in the future only bring a civil action as a prisoner if he: (1) pays the full filing fee upon commencement of the case, or (2) he is under imminent danger of serious physical injury.

Mr. Talbert's latest two cases do not plead imminent danger necessary under Section 1915(g). While he alleges physical injury in the past, he does not allege future imminent danger. In No. 19-1340, he alleges he is in protective custody in restrictive housing, foreclosing the possibility of imminent danger from other inmates who may believe he is a "snitch." In No. 19-1341, he is in custody foreclosing the possibility of imminent danger from the police sergeant who

4

arrested him. Even construing the allegations liberally and construing all allegations in his favor, Mr. Talbert cannot qualify for the imminent danger exception.

## III. Conclusion

Mr. Talbert's two latest civil actions at Nos. 19-1340, 1341 are barred by the three strikes rule under 28 U.S.C. § 1915(g). He may not proceed with these cases unless he pays the filing fee or moves for *pauper* status attaching a complaint including facts demonstrating imminent danger of serious physical injury.

---

[1] ECF Doc. Nos. 1.

[2] No. 19-1340, Compl. ¶¶ 8, 10-13.

[3] *Id.* ¶¶ 15-16.

[4] *Id.* ¶¶ 17-25.

[5] No. 19-1341, Compl. ¶ 9.

[6] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).

[7] *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

[8] *Id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)).

[9] *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

[10] *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) *rev'd on other grounds Coleman v. Tollefson*, 135 S.Ct. 1759 (2015) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted).

[11] *Coleman*, 135 S.Ct. at 1763.

[12] *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).

[13] *Ball*, 726 F.3d at 467 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999)) (internal quotation marks omitted).

[14] *Id.* at 468 (quoting Abdul-Akbar, 239 F.3d at 315) (internal quotation marks omitted).

[15] 28 U.S.C. § 1915(g); *see also Ball*, 726 F.3d at 468 (suggesting that certain complaints, such as being forced to work in inclement weather, "may not be 'danger' at all") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003)).

[16] *Id.*

[17] *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

[18] *See Keener v. Pennsylvania Bd. of Prob. & Parole*, 128 F.3d 143, 144 (3d Cir. 1997).

[19] The four cases, collectively "the four strike-eligible civil actions" are: *Talbert v. City of Philadelphia*, No. 15-1718, 2016 WL 427352 (E.D. Pa. Feb. 3, 2016) (granting motion to dismiss complaint and denying leave to amend claim which Mr. Talbert was denied entry into witness protection program, holding he had no constitutional right to protection from private actors, and his claim against the City lacked actual factual allegations to support a claim of municipal policy or custom); *Talbert v. Pennsylvania Dep't of Educ.*, No. 15-5491, 2015 WL 6964285 (E.D. Pa. Nov. 9, 2015) (dismissing as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) a claim against parties entitled to Eleventh Amendment immunity); *Talbert v. Levin*, No. 15-279, 2015 U.S. Dist. LEXIS 10896 (E.D. Pa. Jan. 29, 2015) (dismissing writ of mandamus as frivolous); *Talbert v. Kaplan*, No. 12-6533, 2013 WL 4434214 (E.D. Pa. Aug. 20, 2013) (granting motion to dismiss complaint asserting Eighth Amendment violation and denying leave to amend because any such attempt is futile where defendant was not a state actor).

[20] *See, e.g.*, Nos. 13-1023, 13-6974, 14-54, 14-4446, 14-4447, 14-4448, 14-4449, 14-4450, 14-4451, 14-4452, 14-4453, 14-4454, 14-6340, 18-1501, 18-5114.